UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

General Mills Operations, LLC, f/k/a
General Mills Operations, Inc.,

       Plaintiff,

v.

Five Star Custom Foods, Ltd.,

       Defendant.

Civ. No. 10-15 (RHK/JJG)
**ORDER**

  This matter is before the Court *sua sponte*.

  Invoking diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff General Mills Operations, LLC, f/k/a General Mills Operations, Inc. ("General Mills") commenced this action against Five Star Custom Foods, Ltd. ("Five Star"). General Mills alleges in the Complaint that it previously "was a corporation organized . . . under the laws of Delaware with its principal place of business in Minneapolis," but went through a structural change on May 25, 2008. (Compl. ¶ 1.) It is now – and was at the time the Complaint was filed on January 4, 2010 – a "limited liability company . . . organized under the laws of Delaware with its principal place of business in Minneapolis." (Id.)

  Regarding Defendants, the Complaint alleges that Five Star is a Texas limited partnership with its principal place of business in Fort Worth, Texas. (Id. ¶ 2.) The Complaint further lists nine general partners of Five Star. Two of those general partners are Tarrant County Custom Foods, Inc. ("Tarrant"), and BWRP, Ltd., each of which is

alleged to have "its residence in Fort Worth, Texas." (Id. ¶¶ 3, 5.) The remaining seven general partners are individuals who "resid[e]" in Fort Worth. (Id. ¶¶ 4, 6-11.)

As the party invoking the Court's jurisdiction, General Mills bears the burden of pleading facts establishing the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required it to plead "with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). It has failed to do so here for several reasons.

*First*, as noted above, General Mills is a limited liability company. A limited liability company's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Here, the Complaint contains no information about the citizenship of General Mills's members – indeed, no members are identified in the Complaint at all.[1]

*Second*, Five Star is alleged to be a limited partnership, and "[w]hen one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." Barclay Square Props., 893 F.2d at 969; accord, e.g., Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). Yet, the Complaint fails to identify any of Five Star's *limited* partners. Moreover, at least one of Five Star's *general* partners – Tarrant –

---

[1] It makes no difference that General Mills previously was a corporation, because "[t]o determine jurisdiction, [the Court] must look to the parties' status *at the lawsuit's filing*." OnePoint Solutions, 486 F.3d at 346 (emphasis added).

appears to be a corporation. A corporation is deemed to be a citizen of its state of incorporation and the state in which its principal place of business is located, see 28 U.S.C. § 1332(c)(1), but the Complaint here provides neither; it simply alleges that Tarrant "reside[s]" in Texas.[2]

*Third*, the Complaint identifies seven individuals who are allegedly general partners of Five Star. An individual is a citizen of the state in which he or she is domiciled. E.g., Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990). But the Complaint alleges only where these seven individuals *reside*, and residence and domicile are not synonymous. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (district court properly determined it lacked diversity jurisdiction where complaint alleged only residency of plaintiffs).

It is unfortunate that this issue is coming to the forefront only now, after this case has been pending for more than a year. Nevertheless, the Court is reluctant to allow the parties (or itself) to devote further time and resources to this case with the possibility of reversal due to lack of jurisdiction floating around on the horizon. This is not merely an illusory concern; the Eighth Circuit has repeatedly remanded cases, even post-trial, with instructions to dismiss (or remand to state court) where it found subject-matter jurisdiction lacking. See, e.g., Kessler v. Nat'l Enters., Inc., 347 F.3d 1076 (8th Cir. 2003) (case removed to federal court that previously had been appealed to Eighth Circuit three times remanded with directions to remand to state court for lack of jurisdiction);

---

[2] The same is true of BWRP, Ltd., although the Court cannot tell from that entity's name alone whether it is a corporation, a partnership, or some other corporate form.

Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760 (8th Cir. 2001) (even though plaintiff voluntarily dismissed action, judgment of dismissal vacated and case remanded with instructions to remand to state court because diversity was lacking); Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc., 149 F.3d 794 (8th Cir. 1998) (vacating judgment entered following jury trial and remanding with instructions to dismiss for lack of subject-matter jurisdiction).[3]

Based on the foregoing, **IT IS ORDERED** that General Mills shall file an Amended Complaint redressing the deficiencies set forth above, and which pleads sufficient facts from which the Court can determine whether diversity jurisdiction exists, on or before January 27, 2011, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date: January 13, 2011

s/Richard H. Kyle<br>
RICHARD H. KYLE<br>
United States District Judge

---

[3] This is one reason why a federal court may not "assume 'hypothetical jurisdiction' to decide 'contested questions of law when its jurisdiction is in doubt.'" Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009) (citation omitted).